## SAMPLE v. FROST.

1. PRIVILEGED COMMUNICATIONS. Communications relating to the subject matter of a suit, made by one of the parties thereto, to a person supposed to be an attorney at law, and with a view to engage him professionally in said suit, when such person was not an attorney of any court, but was receiving business as one, and was expecting to be, and was, admitted to practice, at the next term of the District Court, are not privileged under section 2393 of the Code of 1851.

*Appeal from Floyd District Court.*

SATURDAY, DECEMBER 31.

DEFENDANT introduced as a witness one Hammond, and proposed to prove certain admissions made by plaintiff to him, or a conversation had between them upon the subject matter of this suit. The witness objected to testifying in relation to said conversation, " for the reason that said conversation or communication, was made to him by said plaintiff, supposing said witness to be an attorney of this court, at the time and with a view of employing witness to assist as an attorney of said court in the prosecution of said subject matter; that witness was not at that time an attorney of any court whatever, but was receiving business to transact as an attorney, and expecting to be admitted, and was admitted at the next term. The objection was sustained. Defendant excepted and appeals.

*Starr, Poindexter* and *Ainsworth* for the appellant.

*Reiniger, Card & Reiniger* for the appellee.

WRIGHT, C. J.—Our Code but affirms the common law rule when it provides (section 2393,) that no practicing attorney or counselor, shall be allowed in giving testimony, to disclose any confidential communication properly entrusted to him in his professional capacity. An attorney and counsellor at law is one, who having satisfied the proper court as to his good moral character and requisite learning, is permitted to, and

does take the usual oath of office, (Code section 1610.) One of the duties devolving upon him is, to maintain inviolate the confidence, and at any peril to himself to preserve the secret of his client." (Clause 4, section 1614.)

The question then remains, whether the witness, under the circumstances disclosed, could claim the privilege. And whatever may be our view of the propriety or impropriety of the effort to elicit the conversation, we feel constrained upon authority to hold that the witness is not within the rule. The communication must have been made to an attorney, or one who at the time was acting, so to speak, as the medium between the client and attorney, as an interpreter; or for the attorney, as a clerk or the like. Communications which come to the knowledge of the attorney, when not standing in that relation, are not protected. "The rule," says Mr. Starkie, "is strictly confined to counsel, solicitors and attorneys." 2 Ev. 229, and see 1 Grenl. Ev. section 239. In *Foster* v. *Hall*, 12 Pick. 89, it is held to be settled by the cases, that the rule "is confined strictly to communications to members of the legal profession, as barristers, and counselors, attorneys and solicitors, (*Wilson* v. *Rastall*, 4 T. R. 759,) and those whose intervention is necessary to faciliate the communication between attorney and client, as interpreters, (*Du Bone* v. *Sivette*, Peake's R. 78,) agents, (*Perkins* v. *Hawshaw*, 2 Starkie 239,) and attorneys' clerks. *Taylor* v. *Foster*, 2 C. & P. 195. And again, "the person consulted must be of the profession of the law, and it is not enough that the party making the communication thinks he is," citing *Fountain* v *Youny*, 6 Esp. 113. And see *Pierson* v. *Stearly*, Morris. 136, where it is said that "the rule of exception has never been extended further than to embrace disclosures made to practicing attorneys, for the purpose of obtaining professional advice."

Judgment reversed.